*163 ROTH, Circuit Judge,
Concurring in part and Dissenting in part:
I concur with the majority except for its holding in Part II B. Because I believe that criminalizing non-commercial activity abroad exceeds Congress’s power under the Foreign Commerce Clause, I cannot join in that holding. I therefore respectfully dissent as to it. Although, as the majority notes, Congress’s foreign commerce power is broad, see Japan Line, Ltd. v. County of Los Angeles, 441 U.S. 434, 448, 99 S.Ct. 1813, 60 L.Ed.2d 336 (1979), it has never been deemed unlimited. Congress may regulate activities that are commercial in nature or substantially affect foreign commerce. See, e.g., United States v. Morrison, 529 U.S. 598, 611, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000) (holding that in all cases where federal regulation of local activity has been upheld, it was because “the activity in question has been some sort of economic endeavor”). However, Title 18 U.S.C. § 2423(c), as defined in section 2423(f)(1), reaches crimes that do not in any sense constitute “Commerce with foreign Nations.” U.S. Const, art. I, § 8, cl. 3. I submit that section 2423(c) has a breadth of application that offends our Constitution. For that reason, it should be struck down.
In instructing the jury on the charges brought against Bianchi under section 2423(c), specifically, Counts 3, 5, and 10, the District Court did not distinguish between the commercial and non-commercial aspects of the statute, i.e., § 2423(f)(1) and (f)(2); nor did the court provide the jury with special interrogatories to clarify the grounds for its findings. Instead, the District Court simply instructed the jury that, in order to convict, it need determine only whether Bianchi “engage[d] in illicit sexual conduct outside of the United States.” (App. at 1344-45.) For this reason, we cannot tell whether the jury based its guilty verdict as to Counts 3, 5, and 10 on a finding that Bianchi gave money or gifts in exchange for illicit sex, pursuant to section 2423(f)(2), or on a finding that Bianchi engaged in illicit sex with minors while abroad, pursuant to section 2423(f)(1). As a result, in order to uphold Bianchi’s convictions on these counts, we must be satisfied that both prongs of the statute are constitutional.
The majority relies on the Ninth Circuit Court of Appeals’ opinion in United States v. Clark, 435 F.3d 1100 (9th Cir.2006), to establish that illicit commercial sex, under section 2423(c), is within Congress’s foreign commerce power. The Ninth Circuit affirmed the defendant’s conviction under section 2423(c) and (f)(2), finding the statute to be a valid exercise of Congress’s Foreign Commerce Clause power. Id. at 1116-17. The court did not, however, decide the constitutionality of the non-commercial prong of section 2423(c). See id. at 1110 n. 16. Indeed, the Ninth Circuit held only that “[t]he combination of Clark’s travel in foreign commerce and his conduct of an illicit commercial sex act in Cambodia shortly thereafter puts the statute squarely within Congress’s Foreign Commerce Clause authority.” Id. at 1116 (emphasis added).
The majority goes on, however, to conclude that Bianchi did not make the required “plain showing that Congress has exceeded its constitutional bounds” by enacting the non-commercial sexual conduct prong of the statute. Majority at 162, quoting Morrison, 529 U.S. at 607, 120 S.Ct. 1740. To the contrary, I find that there is no rational basis to conclude that an illicit sex act with a minor undertaken on foreign soil, perhaps years after legal travel and devoid of any exchange of value, substantially affects foreign commerce. See, e.g., United States v. Lopez, 514 U.S. 549, 557, 559, 115 S.Ct. 1624, 131 L.Ed.2d *164 626 (1995) (holding that Congress must have a rational basis for believing that the regulated activity substantially affects commerce). Where the perpetrator does not pay, or give other value, for the illicit interactions, the activity being regulated is not economic, and it is therefore beyond the reach of Congress’s power under the Commerce Clause. Cf. Clark, 435 F.3d at 1103.
Nor does such activity substantially affect interstate commerce. Although Bian-chi purchased a plane ticket to reach the situs of his crimes, section 2423(c) does not contemplate that the travel to get abroad be connected in any way to the subsequent illegal act. When a statute’s jurisdictional element “is only tenuously related to the ultimate activity regulated,” there can be no assurance that the regulated activity affects interstate commerce. See United States v. Rodia, 194 F.3d 465, 472-73 (3d Cir.1999) (finding a statute’s jurisdictional element that required materials, such as film or cameras, to have previously moved in interstate commerce to be “almost useless” in determining whether the ultimate activity regulated — possession of child pornography — substantially affected interstate commerce).
Section 2423(b) of the PROTECT Act criminalizes foreign travel with the intent to engage in the prohibited activity. However, when Congress added section 2423(c), it eliminated the intent element so that “the government would only have to prove that the defendant engaged in illicit sexual conduct with a minor while in a foreign country.” H.R.Rep. No. 108-66 at 51 (2003), 2003 U.S.C.C.A.N. 683, 686. Section 2423(c) contains no intent requirement for the travel, nor does it provide that the “travels in foreign commerce” element coincide, precede, follow, or be within any specified time of the “illicit sexual conduct” element of the offense. Because Congress severed any jurisdictional tie to the prohibited activity, it is untenable to use the travel element of section 2423(c) to shoehorn a subsequent, unconnected crime into the category of activities that substantially affect foreign commerce.
If, in this case, the jury based its verdict on the sole fact that Bianchi engaged in illicit sex on foreign soil, which the court’s instructions permitted it to do, Bianchi would stand convicted of a crime that Congress has no authority to regulate. Vesting Congress with such a general international police power would violate both Bianchi’s constitutional rights and the limited nature of our federal government. I would vacate Bianchi’s convictions on Counts 3, 5, and 10 and remand this case to the District Court for resen-tencing.
For the reasons stated above, I respectfully concur in part and dissent in part.